IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| TERRELL PARKER and<br>others similarly situated,<br><br>          **Plaintiffs,**<br><br>**v.**<br><br>**SUNTRUST BANK, *et al*,**<br><br>          **Defendants.** | No.: 3:09-0706<br><br>**DISTRICT JUDGE ECHOLS**<br><br>**MAGISTRATE JUDGE GRIFFIN**<br><br>**CLASS ACTION**<br><br>**JURY DEMANDED** |

## CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE

This Class Action Settlement Agreement and Release (the "Settlement Agreement") is entered into between Terrell Parker ("Class Representative" or "Plaintiff"), individually and on behalf of all others similarly situated, with the assistance and approval of Class Counsel, and SunTrust Bank ("SunTrust" or "Defendant"), with the assistance of its counsel of record, as set forth below:

### INTRODUCTION

This Settlement Agreement and all associated exhibits or attachments is made for the sole purpose of consummating settlement of the Lawsuit on a class basis. The Settlement Agreement is made in full compromise and release of all claims. Because the lawsuit was pled as a putative class action, this settlement must receive preliminary and final approval by the Court. Accordingly, the Settling Parties have entered into this Settlement Agreement.

### R E C I T A L S

WHEREAS, Terrell Parker withdrew funds respectively on June 20, 2009 and July 25, 2009 from two separate automated teller machines ("ATMs") operated by SunTrust, and is the named Plaintiff in *Parker v. SunTrust Bank, et al.*, United States District Court, Middle District of Tennessee, Civil Action No. 3:09-0706 (the "Litigation" or the "Lawsuit");

WHEREAS, the Lawsuit asserts that SunTrust violated the Electronic Fund Transfer Act, 15 U.S.C. § 1693 *et seq.* ("EFTA"), by failing to post an on-machine notice of ATM fees;

WHEREAS, in the Lawsuit, Plaintiff seeks statutory damages, attorneys' fees, and costs;



**EXHIBIT**

**1**

WHEREAS, Plaintiff and Defendant agree that it is desirable that the Lawsuit and the claims alleged therein be settled upon the terms and conditions set forth herein to avoid further expense and uncertain, burdensome and potentially protracted litigation, and to resolve all claims that have been or could have been asserted by Plaintiff and the Settlement Class;

WHEREAS, Class Representative and Class Counsel have conducted a thorough investigation into the facts and law and have engaged in informal discovery relating to the Litigation; taking into account the benefits that Plaintiff and the Class Members will receive as a result of this Settlement Agreement and the risks and delays of further litigation, and have concluded that this Settlement Agreement is fair, reasonable and adequate and in the best interests of Plaintiff, the Class Members, and Defendant; and

WHEREAS, Defendant, with the assistance of its counsel of record, and Plaintiff, with the assistance of Class Counsel, have engaged in extensive arms-length settlement negotiations and agree that it is desirable to resolve the Litigation fully and finally on the terms and conditions set forth herein for the purposes of avoiding the burden, expense and uncertainty of litigation, and putting to rest the controversies engendered by the Litigation;

NOW THEREFORE, in consideration of the covenants and agreements set forth herein, the Class Representative, on behalf of himself and the purported Class Members, Class Counsel and SunTrust agree to the settlement of the Litigation, subject to Court approval, under the following terms and conditions:

## 1.   **Definitions**

As used in this Settlement Agreement, the terms set forth in this section in boldface type will have the following meanings:

**1.1**   **"ATMs at Issue"** shall mean the automated teller machines operated by Defendant at 1109 Murfreesboro Road, Franklin, Williamson County, Tennessee and at 15568 Old Hickory Boulevard, Nashville, Davidson County, Tennessee.

**1.2**   **"Claim Form"** means the form attached hereto as **Exhibit A.**

**1.3**   **"Class" or "Class Members"** means all consumers who withdrew funds from the Defendant's ATMs at Issue and were charged a transaction fee or surcharge by Defendant between August 1, 2008 and August 7, 2009, which is the relevant time period during which there was not an on-machine notice of the cash withdrawal fee on the ATMs at Issue.

**1.4**   **"Class Counsel"** means Justin S. Gilbert, J. Brandon McWherter, and Clinton H. Scott of Gilbert Russell McWherter PLC.

**1.5**   **"Class Notice"** means the notice to be approved by the Court, as set forth in paragraph 7 below.

**1.6**   **"Class Period"** means August 1, 2008 through August 7, 2009.

**1.7**   **"Class Representative"** means Plaintiff, Terrell Parker.

2

**1.8** "**Court**" means the United States District Court for the Middle District of Tennessee.

**1.9** "**Effective Date**" means the date on which the Final Approval Order becomes Final.

**1.10** "**Fairness Hearing**" means a hearing set by the Court for the purpose of: (i) determining the fairness, adequacy and reasonableness of the Settlement pursuant to Federal Rule of Civil Procedure 23; and (ii) entering a Final Approval Order.

**1.11** "**Final**" means either (i) thirty days after the date of entry by the Court of the Final Approval Order, if there are no appeals; or (ii) if there are any appeals, the date of final resolution of the last pending appeal.

**1.12** "**Final Judgment**" or "**Final Approval Order**" means the Final Judgment and Order of Dismissal with Prejudice to be rendered by the Court substantially consistent with the terms of this Settlement Agreement and substantially similar to the form attached as **Exhibit F**.

**1.13** "**SunTrust**" means SunTrust Bank.

**1.14** "**SunTrust Releasees**" means SunTrust Bank and SunTrust Banks, Inc. (and each of its current and former officers, directors, managers, shareholders, employees, predecessors, successors, assigns, agents and attorneys).

**1.15** "**Litigation**" or "**Lawsuit**" means *Parker v. SunTrust Bank, et al.,* United States District Court, Middle District of Tennessee, Civil Action No. 3:09-0706.

**1.16** "**Participating Claimant**" means each Class Member who properly and timely submits a Valid Claim Form in response to the Class Notice.

**1.17** "**Parties**" or "**Settling Parties**" means the Class Representative, on behalf of himself and the Class Members, and SunTrust Bank.

**1.18** "**Preliminary Approval Date**" means the date on which the Court enters a Preliminary Approval Order.

**1.19** "**Preliminary Approval Order**" means the Order of Preliminary Approval of Settlement to be rendered by the Court substantially similar to the form attached as **Exhibit E**.

**1.20** "**Settlement Administrator**" means the Defendant or a qualified company agreed upon by the parties and competent to perform the functions of settlement administration. Defendant shall be responsible for all costs associated therewith.

**1.21** "**Settlement Agreement**" or the "**Settlement**" means this document, including the text and exhibits of this Settlement Agreement, which has been signed by the Class Representative, Class Counsel and SunTrust and/or its counsel, which the Parties understand and agree sets forth all material terms and conditions of the Settlement among them, and which is subject to Court approval.

**1.22** **"Settlement Class"** means the conditional class that the Parties have consented to for purposes of settlement only, as described in paragraph 5.1 below.

**1.23** **"Settlement Fund"** means the fund described in paragraph 5.2 below.

**1.24** **"Valid Claim Form"** means a Claim Form that is completed, signed under penalty of perjury, and timely returned to the Settlement Administrator, postmarked within one hundred twenty (120) days after the date of entry of a Preliminary Approval Order. Upon its receipt of any Claim Form, the Settlement Administrator shall promptly provide a copy thereof to Class Counsel. Plaintiff and Defendant shall have the right to verify, prior to any payment to the Participating Claimant that each Claim Form submitted is valid in that it reflects use of the ATMs at Issue during the Class Period and for which usage the Class Member was charged a usage fee by Defendant for making a cash withdrawal from the ATMs at Issue. Either Party challenging any claim shall apprise the other Party of the challenge, and the Settling parties, through their respective counsel, shall meet and confer in good faith in an attempt to resolve any challenged claim. If the Settling Parties are unable to resolve such a challenge, the Settling Parties shall submit the challenge to the Court for resolution. The Settling Parties shall each bear their own respective attorney's fees and costs associated with any such challenge, except as provided in paragraph 5.22 below.

## 2. Non-Disparagement

Class Counsel and Class Representative agree to refrain from disparaging SunTrust, and its parent company, subsidiaries, affiliates, agents, successors, assignors, assignees, and/or assigns, with respect to any issue related to the Litigation. Class Counsel and Class Representative also agree to refrain from taking any action designed to harm the public perception of SunTrust regarding any issue related to the Litigation. SunTrust agrees to refrain from disparaging Class Representative or Class Counsel publicly or in the media regarding any issue related to this case. Failure to abide by this provision will constitute a breach of this Settlement Agreement.

**3.** **Conditional Nature of this Stipulation.** This Settlement Agreement and all associated exhibits are made for the sole purpose of attempting to consummate settlement of this action on a class-wide basis. Because this action was pled as a putative class action, this settlement must receive preliminary and final approval by the Court. Accordingly, the Parties enter into this Settlement Agreement on a conditional basis. In the event that the Court does not execute and file the Order Granting Final Approval of Settlement, or in the event that the associated Judgment does not become final for any reason, this Settlement Agreement shall be deemed null and void, and it shall be of no force whatsoever.

## 4. Release of Claims

**4.1** **Litigation Class Representative.** The Class Representative, on behalf of himself individually, forever releases, waives, discharges and agrees to the dismissal, with prejudice, of all claims under the EFTA that have been made, or could have been made, in the Litigation against SunTrust Releasees, plus any and all claims, demands, rights, liabilities and causes of action of every nature and description whatsoever, including, without limitation, statutory,

4

constitutional, contractual or common law claims, whether known or unknown, against SunTrust Releasees, that accrued at any time on or prior to the Preliminary Approval Date for any type of relief, including, without limitation, all claims for monetary, equitable, declaratory, injunctive or any other form of relief.

**4.2     Class Members.**  The Class Representative, on behalf of the Class Members, also forever releases, waives, discharges and agrees to the dismissal, with prejudice, of all claims that have been made, or could have been made, in the Litigation against SunTrust Releasees under EFTA, including all claims for monetary, equitable, declaratory, injunctive or any other form of relief, in any way related to the absence of the required on-machine notice of ATM fees at the ATMs at Issue.

**4.3     Unknown Claims**.  Litigation Class Representative and Class Members each waive and release any and all provisions, rights, and benefits conferred either (a) by section 1542 of the California Civil Code, or (b) by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to section 1542 of the California Civil Code, with respect to the claims respectively released by them pursuant to paragraphs 4.1 and 4.2 above.  Section 1542 of the California Civil Code reads:

> Section 1542. General Release, extent.  A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

The Class Representative and Class Members may hereafter discover facts other than or different from those that he/she knows or believes to be true with respect to the subject matter of the claims respectively released by them pursuant to paragraphs 4.1 and 4.2 above.  Nevertheless, each of those individuals expressly agrees that, upon entry of the final judgment contemplated by this Settlement Agreement, he or she shall have waived and fully, finally and forever settled and released any known or unknown, suspected or unsuspected, asserted or unasserted, contingent or non-contingent claim with respect to the claims respectively released by them pursuant to paragraphs 4.1 and 4.2 above, whether or not concealed or hidden, without regard to subsequent discovery or existence of such different or additional facts.

**5.     Settlement Relief to Class Members and Class Representative.**

**5.1     The Settlement Class.**  The Settling Parties stipulate to certification of the following class for settlement purposes only:

> All consumers who, from August 1, 2008 to August 7, 2009, used the ATM operated by SunTrust Bank located at 1109 Murfreesboro Road, Franklin, Williamson County, Tennessee, and/or at 15568 Old Hickory Boulevard, Nashville, Davidson County, Tennessee, and were charged a transaction fee by SunTrust Bank for making a cash withdrawal from that ATM.

5

**5.2    Settlement Fund.**    Within fourteen (14) days after a Preliminary Approval Order is entered, Defendant shall pay $125,000.00 into a separate account entitled "EFTA – *Parker v. SunTrust Bank* Settlement Fund," which will constitute the Settlement Fund. Subject to Court approval, the Settlement Fund shall be disbursed, within ten (10) days of the Effective Date, as follows:

**5.21    Payment to Class Representative.**    Class Representative shall receive $2,500.00 for his individual claim and as an incentive award for his services as Class Representative. Defendant agrees not to object to the Court awarding this amount to Class Representative and consents to such an award to Class Representative.

**5.22    Payment to Class-Counsel.**    Class Counsel shall receive $30,000.00 in full satisfaction of all reasonable attorneys' fees and costs. Defendant agrees not to object to the Court awarding this amount to Class Counsel and consents to such a payment to Class Counsel.

**5.23    Class Recovery.**    The amount remaining in the Settlement Fund after deducting the amounts set forth in 5.21 and 5.22 above, shall be divided *pro rata* among Participating Claimants who are entitled to payment pursuant to Section 5.1 above; provided, however, that no Class Member shall receive payment from the Settlement Fund in an amount to exceed $250.00. Each Class Member shall only be eligible to receive a *pro rata* payment, regardless of whether that Class Member used the ATMs at Issue multiple times.

**5.24    *Cy Pres*.**    Any money remaining in the Settlement Fund, if any, after payments are made pursuant to paragraphs 5.21, 5.22, and 5.23 above, shall be paid as a *cy pres* award to a mutually agreeable charity. If the Parties cannot agree on a charity, then SunTrust shall select a charity to receive 50% of the monies remaining in the Settlement Fund, and Class Counsel shall select a second charity to receive the remaining 50% of the Settlement Fund; however, neither Party may select a charity in which the Parties, Class Counsel, or SunTrust's counsel of record have a financial interest.

## 6.    Dismissal of the Litigation

**6.1**    Promptly after execution of this Settlement Agreement, the Parties will jointly file this Settlement Agreement with the Court and will move for a Preliminary Approval Order. In connection with that request, the Class Representative, on behalf of himself and the Class Members, and SunTrust stipulate to entry of the following orders:

**6.11    Entry of Order Certifying Settlement Class.**    An Order certifying a class for settlement purposes and conforming to the definition of Class Members set forth above in paragraph 5.1.

**6.12    Entry of Order Preliminarily Approving Settlement.**    Entry of the Preliminary Approval Order (in the form attached as **Exhibit E**) granting preliminary approval of the settlement, setting a Fairness Hearing for final approval of the Settlement, and approving the form and content of the Class Notice described herein.

6

**6.13    Entry of Order of Final Approval of the Settlement.**   Upon final approval by the Court, entry of the Final Judgment granting final approval of the Settlement Agreement without modification and dismissal of the Litigation with prejudice, in the form set forth in **Exhibit F.**  The fact that the Court may require changes in the Final Approval Order will not invalidate this Settlement Agreement if the changes do not materially modify this Settlement Agreement.

**6.14    Entry of Order Dismissing SunTrust Banks, Inc.**  Defendant represents that SunTrust Bank, not SunTrust Banks, Inc., has operated the ATMs at Issue at all pertinent times and that SunTrust Banks, Inc. is not a proper party defendant in this Litigation.  Class Representative and Class Counsel, therefore, agree to dismiss without prejudice SunTrust Banks, Inc. as a party defendant in this Litigation.  Promptly after execution of this Settlement Agreement, Class Counsel shall file with the Court a Notice and Order of Voluntary Dismissal of SunTrust Banks, Inc. in the form attached hereto as **Exhibit G.**

**7.    Notices.**

**7.1 Class Notice.** If, by entering the Preliminary Approval Order, the Court provides authorization to provide the Class Notice to Class Members, the Settling Parties will cause Class Notice to be given as follows:

**7.11    Publication.**  Notice to the Settlement Class shall be published on two separate occasions, no earlier than thirty (30) days and no later than forty-five (45) days after the date of entry of a Preliminary Approval Order and in the form and substance set forth in **Exhibit B** hereto in *The Tennessean*.  The publication notice shall be a display ad of of at least one-quarter (1/4) page in size.

**7.12    Posted Notice.**  Notice to the Settlement Class shall be posted by Defendant, starting no later than thirty (30) days after the date of entry of a Preliminary Approval Order and continuing for ninety (90) days, which shall also be the last date for Class Members to opt out, on the ATMs at Issue in the form and substance set forth in **Exhibit C** hereto.

**7.13    Website.**  Notice to the Settlement Class shall be posted, starting no later than thirty (30) days after entry of a Preliminary Approval Order and continuing for ninety (90) days, which shall also be the last date for Class Members to opt out, on the internet at a website created, monitored, and maintained by Defendant in the form and substance set forth in **Exhibit D** hereto.

**7.14    Costs.**  SunTrust will be responsible and pay for all costs and expenses associated with Class Notice.

**7.15    Affidavit.**  SunTrust agrees to provide an affidavit confirming that it has complied with the Class Notice provisions contained herein, the number of potential Class Members is approximately 3,200, SunTrust possesses only personal identification numbers associated with these potential Class Members who are not SunTrust customers,

it is impracticable and not cost effective to attempt to provide notice directly to the Class Members, and the ATMs at Issue are in full compliance with the EFTA as of August 8, 2009.

**7.2    Responses to Notice re: Pendency of Class Action; Motion for Final Approval.**

**7.21    Participation.**    Class Members have the option to participate in this Lawsuit at their own expense by obtaining their own attorney(s).  Class Members who choose this option will be responsible for any attorney fees or costs incurred as a result of this election.  The Class Notice will advise Class Members of this option.

**7.22    Opt Out/Exclusion.**    Class members may elect to "opt out" of the Settlement and thus exclude themselves from the Lawsuit and the Class.  Class Members who wish to exercise this option must do so in writing by mail postmarked on or before that date which is one hundred twenty (120) after the date of entry of a Preliminary Approval Order.   Otherwise, those Class Members will be deemed to have forever waived their right to opt out of the Class.  Class Members who do properly opt out shall have no further role in the Litigation, and for all purposes they shall be regarded as if they were never a party to this Litigation, and thus they shall not be entitled to any benefit as a result of this Litigation

**7.23    Objection.**    Class members may object to this Settlement Agreement by filing written objections with the Court no later than one hundred twenty (120) after the date of entry of a Preliminary Approval Order.  Class counsel must also be served with copies of the objections, postmarked within the one hundred twenty (120) day period.  The Class Notice shall advise Class Members of this option.  Any objection must be in writing and timely submitted or else they are waived.  Any Class Member who objects to the Settlement contemplated by the Agreement shall have a right to appear and be heard at the Fairness Hearing, provided that such Class Member files with the Court and delivers to Class Counsel and Defendant's counsel of record a written notice of objection together with a statement of reasons for the objection, postmarked no later than fourteen (14) days before the Fairness Hearing.

## 8.    Administration of Class Benefits

**8.1    Administration.** The relief afforded the Class herein and the Settlement Fund shall be self-administered by SunTrust at its cost and expense.  The Class Representative and Class Counsel shall have no responsibility for any costs related thereto.  SunTrust's compliance with the terms of the settlement shall be evidenced by an affidavit submitted to the Court and Class Counsel by a senior officer of SunTrust that the required payments made from the Settlement Fund were in fact made.  The Settlement Fund shall be distributed within ten (10) days after the Effective Date.   Prior to distribution of the Settlement Fund, the Class Representative and Class Counsel shall each provide SunTrust with an executed W-9 form.

8

**8.2    Eligibility.**  In order to receive his/her *pro rata* share of the Settlement Fund, as discussed above, each Class Member must submit a Valid Claim Form.  If the Settlement Administrator receives an incomplete or otherwise improperly filled out Claim Form that is otherwise timely submitted by a Class Member, Defendant and/or Class Counsel shall contact the Class Member and seek such information as is needed to attempt to correct the deficiency.  If the deficiency cannot be corrected, Class Counsel and Defendant's attorneys shall jointly determine whether the Class Member is eligible to receive any of the benefits described in paragraph 5.23, or if they cannot agree upon such a determination in good faith, then the Court shall determine whether the Class Member is entitled to the relief requested.

## 9.    Miscellaneous

**9.1    Entire Agreement.**  This Settlement Agreement contains the entire agreement between the Parties and supersedes all prior understandings, agreements, or writings regarding the subject matter of this Settlement Agreement.

**9.2    No Liability.**  This Settlement Agreement does not constitute, is not intended to constitute, and will not under any circumstances be deemed to constitute, an admission by either party as to the merits, validity, or accuracy, or lack thereof, of any of the allegations or claims in this Litigation.  This Settlement Agreement does not constitute a waiver of any defenses or affirmative defenses that SunTrust may be entitled to assert in any future litigation including, but not limited to, the applicable statute of limitations.

**9.3    Invalidity.**  If this Settlement Agreement does not become effective, or is limited or modified by any court in any material way, or is deemed null and void for any other reason, nothing in this Settlement Agreement will be deemed to waive any of Class Representative's or Class Members' claims or any of the objections and defenses of SunTrust, and neither this Settlement Agreement nor any related proceedings relating to its approval will be admissible in any court regarding the propriety of class certification or any other issue that is the subject of this Litigation.

In the event any court disapproves or sets aside this Settlement Agreement or any material part hereof for any reason, excluding failure to approve the fee proposed for Class Counsel, or holds that it will not enter or give effect to the Final Judgment without material modification, or holds that the entry of the Final Judgment or any material part thereof should be overturned or modified in any material way, then:

(A)    if all Parties do not agree jointly to appeal such ruling, this Settlement Agreement will become null and void, and the Litigation will continue, and the Parties stipulate to a joint motion (i) that any and all orders entered pursuant to this Settlement Agreement be vacated, including, without limitation, any order modifying the class certification order or permitting the amendment of the Class Representative's complaint, and (ii) that any and all dismissals pursuant to this Settlement Agreement will be vacated; or

(B)    if the Parties do agree jointly to appeal such ruling and if the Final Judgment or its equivalent in all material respects is not in effect after the

9

termination of all proceedings arising out of such appeal, this Settlement Agreement will become null and void, and the Litigation will continue, and the Parties stipulate to a joint motion (i) that any and all orders entered pursuant to this Settlement Agreement be vacated, including, without limitation, any order modifying the class certification order or permitting the amending of the Class Complaint, and (ii) that any and all dismissals pursuant to this Settlement Agreement will be vacated.

**9.4    Notices.**

> **To Class Counsel:**
> J. Brandon McWherter
> Justin S. Gilbert
> Clinton H. Scott
> Gilbert Russell McWherter PLC
> 101 N. Highland Ave.
> Jackson, TN  38301
> Telephone:  (731) 664-1340
> Facsimile: (731) 664-1540
>
> **To SunTrust:**
> Stephen H. Price
> Stites & Harbison, PLLC
> 401 Commerce St., Ste. 800
> Nashville, TN 37219
> Telephone:  (615) 782-2232
> Facsimile:  (615) 742-7226

**9.5    Amendment.** This Settlement Agreement may be amended or modified only by a written instrument signed by all Parties, or their successors in interest or their duly authorized representatives.

**10.    Representations and Warranties**

**10.1    Parties Authorized to Enter into Settlement Agreement.**    The Class Representative, Class Counsel and SunTrust represent and warrant that he, she or it is fully authorized to enter into this Settlement Agreement and to carry out the obligations provided for herein.   Each person executing this Settlement Agreement on behalf of a Party covenants, warrants and represents that she or he is and has been fully authorized to do so by such Party. Each party hereto further represents and warrants that he, she or it intends to be bound fully by the terms of this Settlement Agreement.

**10.2    No Attempt by Parties to Object.**   Class Representative, Class Counsel, and SunTrust represent and warrant that they have not, nor will they, (i) attempt to void this Settlement Agreement in any way, or (ii) solicit, encourage or assist in any fashion any effort by any natural or legal person to object to the settlement under this Settlement Agreement.

10

**10.3  Signatures**.  The Parties and their counsel may sign separate copies of this Settlement Agreement, which together will constitute one agreement.  Each person executing this Settlement Agreement warrants that such person has the full authority to do so.  In addition, signature by facsimile will constitute sufficient execution of this Settlement Agreement.

**10.4  Best Efforts**.  Each Party agrees that the terms of the Settlement Agreement reflect a good-faith settlement.  Class Counsel and SunTrust consider the settlement to be fair and reasonable and will use their best efforts to seek approval of the Settlement Agreement by the Court.

**10.5  Time Periods**.  The time periods and dates described in this Settlement Agreement with respect to the giving of notices and hearings are subject to Court approval and modification by the Court or by written stipulation of the Class Counsel and SunTrust's counsel of record.

**10.6  Governing Law**.  This Settlement Agreement is intended to and shall be governed by the laws of the State of Tennessee.  All disputes arising hereunder or relating hereto shall be subject to the exclusive jurisdiction of the Court.

**10.7  No Construction Against Drafter**.  This Settlement Agreement shall be deemed to have been drafted by the Parties, and any rule that a document shall be interpreted against the drafter shall not apply to this Settlement Agreement.

**10.8  Agreement Binding on Successors in Interest**.  This Settlement Agreement shall be binding on and inure to the benefit of the each Party's respective heirs, successors and assigns.

**10.9  Execution by Counterpart**.  This Agreement shall become effective upon its execution by counsel for each Party.  The Parties may execute this Agreement in counterparts. Each counterpart shall be deemed to be an original, and execution of counterparts shall have the same force and effect as if all Parties had signed the same instrument.  The Class Representative, Class Counsel and a duly authorized officer from SunTrust, shall execute this Agreement on or about November 20, 2009.

Approved:  November 20, 2009.

11

ON BEHALF OF SUNTRUST BANK

Dated: 11 | 20 , 2009.

Vicki C. Bitzis
SVP, Director of Operations
SUNTRUST BANK

Dated: 11 / 23 , 2009.

Stephen H. Price
STITES & HARBISON, PLLC

12

CLASS REPRESENTATIVE

Dated: 11-20 , 2009.

_____
Terrell Parker

CLASS COUNSEL

Dated: 11-20 , 2009.

_____
J. Brandon McWherter
Justin Gilbert
Clint Scott
GILBERT RUSSELL MCWHERTER PLC

13

**Exhibits to Settlement Agreement**
*Parker v. SunTrust Bank, et al.*

Exhibit A:    Claim Form
Exhibit B:    Newspaper Ad
Exhibit C:    Posted Notice
Exhibit D:    Website
Exhibit E:    Preliminary Approval Order
Exhibit F:    Final Approval Order
Exhibit G:    Notice and Order of Voluntary Dismissal of SunTrust Banks, Inc.