IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| TERRELL PARKER and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SUNTRUST BANK, *et al.*,<br><br>Defendants. | No.: 3:09-0706<br><br>DISTRICT JUDGE ECHOLS<br><br>MAGISTRATE JUDGE GRIFFIN<br><br>CLASS ACTION<br><br>JURY DEMANDED |

PRELIMINARY APPROVAL ORDER

This matter comes before the Court on the joint request of the parties for preliminary approval of a Class Action Settlement Agreement and Release, and based upon the papers submitted to the Court and all of the proceedings had in this matter to date, IT IS HEREBY ORDERED:

1. Solely for purposes of settlement, the following Settlement Class is certified pursuant to Fed. R. Civ. P. 23(b)(3): All consumers who from August 1, 2008 to August 7, 2009, used the ATM operated by SunTrust Bank located at 1109 Murfreesboro Road, Franklin, Williamson County, Tennessee, and/or at 15568 Old Hickory Boulevard, Nashville, Davidson County, Tennessee, and were charged a transaction fee by SunTrust Bank for making a cash withdrawal from that ATM.

2. Based on the parties' stipulations, and for settlement purposes only: (A) the class as defined is sufficiently numerous such that joinder is impracticable; (B) common questions of law and fact predominate over any questions affecting only individual Class Members, and

include whether absence of a posted on-machine notice at the ATM machines identified above violated the requirements of the Electronic Fund Transfer Act, 15 U.S.C § 1693 *et seq.*; (C) the claim of Plaintiff Terrell Parker is typical of the Class Members' claims; (D) Plaintiff Terrell Parker is an appropriate and adequate representative for the Class and his attorneys, Justin S. Gilbert, J. Brandon McWherter and Clinton H. Scott are hereby appointed as Class Counsel; and (E) a class action is the superior method for the fair and efficient adjudication of the claims of the Class Members.

3. The Court finds that the proposed settlement is within the range of fairness and reasonableness and grants preliminary approval to it. In the event that the proposed settlement is not finally approved for any reason, Defendant shall, pursuant to the Settlement Agreement, retain its right to contest certification of the Class.

4. The Court approves the proposed forms of notice to the Class, as modified in Exhibit B, and directs that notice be implemented in accordance with paragraph 7 of the Settlement Agreement. Defendant will file an affidavit with the Court, at least 5 business days prior to the Fairness Hearing, attesting that notice has been so given.

5. The Court finds that the notice proposed in paragraph 7 of the Settlement Agreement is the only notice to the Class Members that is required and further finds that such notice satisfied the requirements of due process and Fed. R. Civ. P. 23.

6. Class members shall have 120 day after entry of this Order to send in a claim form, opt out or object to the proposed Settlement Agreement.

7. Any Class Member who wants to receive a monetary portion of the Settlement Fund shall file a Claim form, a copy of which is attached as Exhibit A, which will be available for download at a web site to be determined or by contacting Class Counsel. To be timely, a Claim Form must be sent to the Settlement

Administrator and postmarked within 120 days after entry of this Order.

8. Any class Member, who desires to exclude himself or herself from the Class and not to be bound by the Settlement Agreement, shall send a short notice or written request to the Settlement Administrator postmarked within 120 days after entry of this Order. To be effective, the notice or request for exclusion must make clear that exclusion is sought by stating: "I WANT TO BE EXCLUDED FROM THE SETTLEMENT CLASS IN *PARKER V. SUNTRUST BANK*". The request for exclusion must also contain the excluded Class Member's name, address, and signature.

9. Any Class Member who objects to the Settlement contemplated by the Agreement shall have a right to appear and be heard at the Fairness Hearing provided that such Class Member files with the Court and delivers to Class Counsel and Defendant's Counsel a written notice of objection together with a statement of reasons for the objection, as well as the name and address of the objector, postmarked no later than 14 days before the Fairness Hearing. Class Counsel and Defendant's Counsel may, but need not, respond to the objections, if any, by means of a memorandum of law no later than 5 days prior to the Fairness Hearing.

10. A Fairness Hearing on the fairness and reasonableness of the Settlement Agreement will be held before this Court on the 10th day of May, 2010, at 9:00 a.m.

IT IS SO ORDERED.

Entered this 21st day of December, 2009.

_____
Robert L. Echols, U.S. District Judge